**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　　　 )<br>　　　　Plaintiff, 　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　 )<br>　　　　vs. 　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　 )<br>KRISTAFER ROBINSON, 　　　　　　 )<br>CHASE A. HENDERSON, 　　　　　　 )<br>　　　　　　　　　　　　　　　　　　 )<br>　　　　Defendants. 　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　 ) | 3:15-cr-00080-RCJ<br>3:20-cv-00137-RCJ<br>3:20-cv-00347-RCJ<br><br>**ORDER** |

　　　　Defendants were charged with Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and brandishing a firearm while committing a crime of violence. They agreed to plead guilty to the last charge in exchange for the Government to drop the other two. Presently, Defendants argue that subsequent caselaw dictates that Hobbs Act robbery does not qualify as a crime of violence and move for relief under 28 U.S.C. § 2255. Because Defendants did not raise this argument before their guilty plea, their agreements expressly waived collateral attacks to their convictions, and the Ninth Circuit has repeatedly rejected this argument, the Court denies these motions and declines to issue a certificate of appealability.[1]

---

[1] Defendant Henderson has also filed a motion, (ECF No. 65), seeking a "status update" on his pending § 2255 motion. As the Court rules on the § 2255 motion in this Order, the Court denies his motion for a status update as moot.

**FACTUAL BACKGROUND**

In November 2015, the grand jury returned an indictment charging both Defendants with three counts: Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. § 1951; Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951; and Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[2] (ECF No. 1.) Both Defendants entered into plea agreements in July 2016. (ECF Nos. 40, 44.) The Court accepted the plea agreements and sentenced Defendants in October 2016. (ECF Nos. 47 (minutes of change of plea hearing), 50 (minutes of sentencing of Defendant Robinson), 51 (minutes of sentencing of Defendant Henderson), 54 (transcript of sentencing hearing), 62 (transcript of change of plea hearing).)

In the agreements, Defendants agreed to plead guilty to the charge of Brandishing a Firearm During a Crime of Violence in violation of § 924(c)(1)(A)(ii) in exchange for the Government dismissing the other two charges. (ECF Nos. 40; ECF No. 44.) Defendants further agreed to waive a number of their rights, including their right to collaterally attack their convictions; both agreements contain the following clause: "The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." (ECF Nos. 40 at 11; ECF No. 44 at 12.)

According to the plea agreements, both Defendants stipulated to the following facts: On September 19, 2015, Defendants wore ski masks and confronted two employees of Harbor Freight

---

[2] Defendant Robinson oddly claims for the first time that he was not a principal of the Hobbs Act robbery but merely an aider and abettor. This contention is frivolous. He was charged and admitted to committing Hobbs Act robbery—not aiding and abetting. (ECF No. 44 at 3 ("The defendant committed the crime of Interference with Commerce by Robbery as charged in Count Two of the Indictment, which is a crime of violence.") Furthermore, what was considered "aiding and abetting" under traditional common law have been abrogated and is treated the same under federal law (as well as every state). *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189 (2007).

in Carson City as they were locking the front door. (ECF No. 40 at 4.)³ At gunpoint (Defendant Henderson bore a Smith and Wessen handgun and Defendant Robinson bore a BB gun), Defendants commanded the employees to go back inside of the business. (*Id.*) Defendants then compelled the employees to turn the alarm off and to load $5,355.44 in cash into their bag. (*Id.* at 4–7.) Defendants also ripped the phone cords out of the wall, took the employees' cell phones, and the keys to one of their cars. (*Id.*)

## LEGAL STANDARD

A prisoner in custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence" where the sentence is unconstitutional or unlawful, the court lacked "jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This remedy is available only where the error is jurisdictional, constitutional, contains "a fundamental defect which inherently results in a complete miscarriage of justice," or includes "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). A petitioner must prove, by a preponderance of the evidence, any grounds for vacating or modifying a sentence. *Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938).

A court should deny the petition without an evidentiary hearing if the record "conclusively show[s] that the prisoner is entitled to no relief." § 2255(b); *accord Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989). Otherwise, a court should serve notice upon the government and grant a hearing to make the necessary findings of fact and conclusions of law to rule on the petition. § 2255(b).

///

---

³ The Court cites to Defendant Henderson's plea agreement but notes that Defendant Robinson's plea agreement contains a substantially similar factual narrative.

Upon denial, a court should determine whether to issue a certificate of appealability. Rules Governing § 2255 Proceedings 11(a). A certificate is appropriate when the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, the petitioner must show that "reasonable jurists could debate whether . . . the petition should [be] resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## ANALYSIS

Defendants both move to invalidate their convictions of brandishing a firearm during and in relation to a crime of violence, in violation of § 924(c)(1)(A)(ii). The Court agrees with the Government. Both Defendants has procedurally defaulted this argument, waived this collateral challenge, and, even then, it is without merit as the Ninth Circuit has repeatedly rejected the argument. The Court denies these motions and declines to issue a certificate of appealability.

### I.    *In Forma Pauperis Motion*

Before turning to the substantive motions, the Court has reviewed Defendant Henderson's petition to proceed in forma pauperis on his § 2255 motion along with the attached financial information and finds that he has satisfied the requirements for financial hardship. (ECF No. 55.) It is clear Defendant Henderson is not financially able to meet the filing requirements for post-conviction filings. Therefore, good cause appearing, the Court grants Defendant Henderson's motion and allows him to seek post-conviction relief without the prepayment of fees or costs.

### II.    *Defendants Do Not Overcome Their Procedural Default of These Challenges*

Neither Defendant raised the challenge that Hobbs Act robbery or "aiding and abetting Hobbs Act robbery" fails to qualify as a crime of violence for the purposes of their convictions of brandishing a firearm during and in relation to a crime of violence, in violation of

§ 924(c)(1)(A)(ii). Where a movant raises a claim for the first time in a § 2255 motion (i.e., did not raise the claim at the trial level or on direct appeal), that claim is procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 621 (1998). A court may not reach a procedurally defaulted claim unless the movant shows "cause and prejudice" or actual innocence. *Id.* at 622. A movant may show cause by demonstrating an "external impediment" that prevented him from asserting a claim on direct review and may show prejudice by demonstrating the detriment attributable to the cause. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

An assertion of "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623 (internal quotation marks omitted) (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)). On the other hand, a claim that is truly "novel"—where the law at the time of appeal did not provide counsel with a "reasonable basis" for the claim—can constitute "cause" to excuse a procedural default. *Reed v. Ross*, 468 U.S. 1, 16–17 (1984). In determining whether a claim is "novel" for purposes of establishing cause for a procedural default, the relevant inquiry is not "whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Smith v. Murray*, 477 U.S. 527, 537 (1986).

A defendant may be entitled to relief if he can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Murray v. Carrier*, 477 U.S. 478, 496 (1986). But as the Supreme Court emphasized, "in this regard … 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (quoting *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). In attempting to make that showing, "[a]ny attempt to contradict the factual basis of a valid plea must fail." *United States v. Morrison*, 113 F.3d 1020, 1021 (9th Cir. 1997).

///

Based on their detailed plea agreements, Defendants cannot successfully maintain a claim of actual innocence, so the Court turns to futility. At the time of the Defendants' sentencing in October 2016, federal caselaw was replete with claims that Hobbs Act robbery was not a crime of violence under § 924(c)(1)(A)(ii). *See, e.g., United States v. Howard*, No. 15–10042, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016), as amended (June 24, 2016); *United States v. Hare*, 820 F.3d 93, 105 (4th Cir. 2016) ("Appellants also challenge their firearm convictions on the ground that, after the Supreme Court's decision in *Johnson v. United States* . . . a Hobbs Act robbery no longer qualifies as a crime of violence."); *In re Fleur*, 824 F.3d 1337, 1338 (11th Cir. 2016) (same); *United States v. Pena*, 190 F. Supp. 3d 317, 319 (E.D.N.Y. 2016) (same); *United States v. Loper*, No. 2:14-CR-321-GMN-NJK, 2016 WL 4528959, at *1 (D. Nev. Aug. 29, 2016) ("In his Motion to Dismiss, Defendant seeks to dismiss Counts Three, Five, Seven, Nine, Eleven, and Thirteen of the Superseding Indictment because 'the predicate Hobbs Act robbery as defined by [18 U.S.C.] § 1951 does not qualify as a 'crime of violence' as a matter of law.'"); *United States v. Smith*, 215 F. Supp. 3d 1026, 1028 (D. Nev. May 18, 2016) ("The defendants move to dismiss all of the § 924(c) counts, arguing that Hobbs Act robbery and conspiracy to commit Hobbs Act robbery do not qualify as crimes of violence under the force clause of § 924(c), and that § 924(c)'s residual clause is unconstitutionally vague in light of the Supreme Court's decision last term in *Johnson v. United States*.")

Even if this Court were to entertain Defendant Robinson's contention that he was merely an aider and abettor for the Hobbs Act robbery charge, he still fails to show the necessary external impediment. This too was a frequently made challenge at the time of his sentencing. *See, e.g., United States v. Mitchell*, 23 F.3d 1, 3 (1st Cir. 1994) (aiding and abetting the commission of a crime of violence is a crime of violence itself); *United States v. Groce*, 999 F.2d 1189, 1191–92 (7th Cir. 1993) (aiding and abetting burglary is "violent felony" under Armed Career Criminal

Act, 18 U.S.C. § 924(e)(1)); *United States v. Simpson*, 979 F.2d 1282, 1285-86 (8th Cir. 1992) (defendant, having aided and abetted bank robbery, was subject to sentencing enhancement under 18 U.S.C. § 924(c)(1) for having aided and abetted use of firearm during crime of violence); *United States v. Hathaway*, 949 F.2d 609, 610 (2d Cir. 1991) (per curiam) (Vermont crime of third-degree arson, which prohibits "secondary acts such as counseling, aiding or procuring the burning," falls within "generic definition" of arson offense and so is "violent felony"), cert. denied, 502 U.S. 1119 (1992)).

The Court is therefore convinced Defendants' claim that Hobbs Act robbery was not a crime of violence under § 924(c) is in procedural default and that Defendants can neither show actual innocence or cause. This alone merits denying the motion, but the Court will briefly two additional bases that further compel this outcome.

### III. Defendants Expressly Waived These Collateral Challenges in Their Plea Agreements

Both Defendants agreed to the following term in their plea agreement, which reads: "The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." (ECF Nos. 40 at 11; ECF No. 44 at 12.) Plea agreements and similar to contracts and a criminal defendant may barter for benefits by waiving many but not all collateral challenges. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant can waive almost all challenges to a conviction including retroactive changes to substantive law in his favor. *United States v. Snider*, 180 F. Supp. 3d 780, 791 (D. Or. 2016) (collecting cases). As such, the waivers further compel denial of Defendants § 2255 motions.

///

///

### IV. Binding Ninth Circuit Case Law Forecloses the Underlying Argument

Even if the Court were to consider the underlying substance of the motions, they are wholly without merit. In recent years, the Ninth Circuit has repeatedly held that Hobbs Act robbery is a crime of violence under § 924(c). *See, e.g., United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020); *United States v. Esteban*, 834 F. App'x 378 (9th Cir. 2021) (unpublished) ("Esteban's contention that Hobbs Act robbery, 18 U.S.C. § 1951, is not a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A) is foreclosed [by Dominguez] . . . Esteban asserts that Dominguez was wrongly decided, but as a three-judge panel, we are bound by the decision." (citing *Miller*, 335 F.3d at 900)); *United States v. Stankus*, 834 F. App'x 375 (9th Cir. 2021) (unpublished) (same); *United States v. Espinoza*, 834 F. App'x 379 (9th Cir. 2021) (unpublished) (same); *United States v. Lott*, 834 F. App'x 370 (9th Cir. 2021) (unpublished) (same); *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 990 (9th Cir. 2020).

### V. No Certificate of Appealability Shall Issue

As the Court denies the petition, it must determine whether to issue a certificate of appealability. Defendants have not shown that reasonable jurists would debate these claims nor that the claims should proceed further. *See Slack*, 529 U.S. at 484. Rather, as discussed above, binding precedent clearly forecloses them. The Court therefore declines to issue a certificate of appealability.

### CONCLUSION

IT IS HEREBY ORDERED that Motion to Proceed In Forma Pauperis (ECF No. 55) is GRANTED *nunc pro tunc*.

IT IS FURTHER ORDERED that Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 57) is DENIED.

///

IT IS FURTHER ORDERED that Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 63) is DENIED.

IT IS FURTHER ORDERED that Amended Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 64) is DENIED.

IT IS FURTHER ORDERED that Motion for Status Update (ECF No. 65) is DENIED AS MOOT.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that the Clerk shall ENTER a separate and final judgment under Federal Rule of Civil Procedure 58(a) as directed by *Kingsbury v. United States*, 900 F.3d 1147 (9th Cir. 2018).

IT IS SO ORDERED.

Dated November 8, 2021

_____
ROBERT C. JONES
United States District Judge